NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
December, 1880.

## MATTER OF SOLOMON.

*In the matter of the distribution of surplus money be-
longing to the estate of* EVA SOLOMON.

Under section 2799 of the Code of Civil Procedure, referring to the distri-
bution of the surplus money in foreclosure proceedings, the citation
*must* be served by publication, on the persons entitled to share in the
proceeds. Personal service or service by mail confers no jurisdiction
on the Surrogate.

PETITION by the assignee of certain judgments re-
covered against the decedent, for the distribution of
certain surplus funds on foreclosure of a mortgage
executed by decedent. A citation was issued to the
parties entitled to share in such distribution, dated
November 18, 1880, returnable December 9.

Most of the persons so cited accepted service, and
stated that such service should be deemed sufficient and
valid, except Messrs. Wood and Turk, upon whom the
citation was served by mail, on November 23, addressed
to them at the city of Kingston, Rondout Post-office,
their residence.

The administrator of the estate appeared and objected
to the proceedings, on the ground of the defect of the
citation, and of the proof of service.

HENRY L. WILLIAMS, *for petitioner*.

MORRIS L. WISE, *opposed*.

THE SURROGATE.—By section 2799 of the Code of Civil
Procedure, the citation is required to be made upon all

the persons designated therein, by publishing the same in two newspapers, designated as prescribed in article 1 of title 2 of said chapter 18, at least once in each of the four successive weeks immediately preceding the return day thereof.

The newspapers designated are provided for by section 2535, one of which must be published in this county, and the other, in the discretion of the Surrogate, in this or any other county.

By section 2522, service upon foreign corporations and non-residents may be ordered by publication or by service without the state. Hence, it is a necessary inference that when section 2799 provides for the service by publication, the word "may" means "shall," and service by publication excludes service without the state.

I am, therefore, of the opinion that service by publication is the only mode of giving jurisdiction to the Surrogate in the proceeding, and that the citation should have been made returnable sufficiently long to make such service ; that an order should have been procured designating the newspapers in which the citation should be published ; that the pretended service by mail was utterly void, and that the proceedings must be dismissed.

It is proper to observe that this publication, provided by section 2799, as a means of bringing the parties within the jurisdiction of this court, is entirely anomalous, for personal service of resident parties has been required by universal practice and statutory requirement, except in special cases, such as when they had absconded or were concealed, and service by publication has been adopted as matter of necessity.

While, in this proceeding, resident parties are to be concluded by a publication instead of personal service.

Notwithstanding this anomaly, I do not feel at liberty to disregard the plain provisions of the statute.